PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2005 Ford 500 struck a hole on River Road, designated as County Route 26/1, in Webster County. County Route 26/1 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below. The incident giving rise to this claim occurred at approximately 5:00 p.m. on August 16, 2008. County Route 26/1 is a one-lane, unmarked asphalt road. At the time of the incident, claimant was returning from taking his granddaughter to Whittaker Falls to have her senior pictures taken by the waterfalls. Claimant was driving at between fifteen and twenty miles per hour on County Route 26/1 when his vehicle struck a hole in the road. Claimant testified that there were a series of holes in this area, and he was uncertain which hole caused the damage to his vehicle. Claimant stated that he had not driven on this road for at least twenty years. As a result of this incident, claimant’s vehicle sustained damage to its tire in the amount of $111.25. Claimant’s insurance deductible at the time of this incident was $250.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 26/1. Vincent Cogar, Highway Administrator for respondent in Webster County, testified that he is responsible for the maintenance of approximately 500 miles of roadway in this area. He stated that approximately twenty-two employees assisted in the maintenance of the roads in Webster County at the time of the incident. Mr. Cogar testified that he is familiar with the area where claimant’s incident occurred and stated that it is near the Randolph County line. He stated that the holes at this location are caused by water falling from the rock cliffs. Mr. Cogar explained that County Route 26/1 is a third priority road in terms of its maintenance. Although respondent had received complaints regarding the condition of County Route 26/1, Mr. Cogar stated that respondent must follow the Core Maintenance Plan. He stated that a hole on a higher priority road would be maintained first.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Since there were a series of holes in this area, the Court finds respondent negligent. Thus, claimant may make a recovery for the damage to his vehicle.
*64 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $111.25.
Award of $111.25.